FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2014 OCT -3 PM 1:04
CLERK
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA WAYCROSS DIVISION

| | |
|---|---|
| DEVOAN HAWKINS, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. CV512-007 |
| THE GEO GROUP, INC., | ) |
| Defendant. | ) |

## O R D E R

Before the Court is the parties' Stipulation of Dismissal. (Doc. 26.) Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), a plaintiff may dismiss an action by filing "a stipulation of dismissal signed by all parties who have appeared." However, Plaintiff's complaint alleges violations of the Fair Labor Standards Act ("FLSA"). (Doc. 1 ¶ 41-44.) As the Court previously noted, district courts are required to scrutinize for fairness any proposed settlement of FLSA claims prior to entering a stipulated judgment. (Doc. 25 at 1 (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1350 (11th Cir. 1982)).) In that order, the Court declined to dismiss this case because the parties had not provided it with a copy of their settlement agreement. (Id. at 1.)

In response, the parties state that they both agree Plaintiff's FLSA claims lacked merit and have subsequently been

abandoned. (Doc. 26 at 1.) This position precipitates a certain degree of trepidation on the Court's part, primarily because the settlement agreement covers any and all claims, known or unknown, actual or potential, foreseen or unforeseen, suspected or unsuspected, of any nature whatsoever that Plaintiff may have had, may now have, or may hereafter have against Defendant. This is precisely the broad release that is prohibited by Lynn's Food Stores.

Because the parties are apparently not getting the message or taking the time to figure it out on their own, the Court will be blunt. Regardless of whether the parties believe the FLSA claim has merit and whether Plaintiff is abandoning that claim, the Court will in no way permit settlement of this case to compromise any FLSA claim, known or unknown, actual or potential, foreseen or unforeseen, suspected or unsuspected, of any nature whatsoever that Plaintiff may have had, may now have, or may hereafter have against Defendant as part of the settlement of Plaintiff's other claims. If the parties are going to settle the FLSA claims, it will be for an appropriate amount as determined by the Court. If, as the parties represent, the claim lacks merit, then they are free to settle every other claim in Plaintiff's complaint other than the FLSA claims, which Plaintiff may voluntarily dismiss without prejudice. The Court, however, will not accept any settlement

2

agreement that in any way compromises any FLSA claim Plaintiff had, has, or may have against Defendant that does afford Plaintiff appropriate compensation. The parties shall have **thirty days** from the date of this order to submit a revised settlement agreement for the Court's review.

SO ORDERED this 2ND day of October 2014.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA