FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2015 JAN 15 PM 12: 25

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DEVOAN HAWKINS,           )
                          )
        Plaintiff,        )
                          )
v.                        )        CASE NO. CV512-007
                          )
THE GEO GROUP, INC.,      )
                          )
        Defendant.        )
_____  )

## O R D E R

Before the Court is the parties Consent Motion for
Settlement. (Doc. 28.) Previously, this Court required the
parties to file a copy of their proposed settlement
regarding Plaintiff's claims under the Fair Labor Standards
Act ("FLSA"). (Doc. 25.) In that order, the Court suggested
that the parties review the Eleventh Circuit Court of
Appeal's opinion in Lynn's Food Stores, Inc. v. United
States, 679 F.2d 1350 (11th Cir. 1982), to ensure that they
properly dismiss Plaintiff's FLSA claims. Unfortunately,
the proposed settlement agreement the parties submitted to
the Court in response to that order included the very same
type of broad release of liability prohibited by Lynn's
Food Stores. In response, the Court pointed out the
proposed agreement's shortcomings and gave the parties an

additional thirty days to file a satisfactory settlement agreement. (Doc. 27.)

Instead of attempting to correct the previous settlement agreement's shortcomings, the parties filed the Consent Motion for Settlement now before the Court. (Doc. 28.) In this motion, the parties continue to argue that Plaintiff's FLSA claim is unmeritorious. (Id. at 1.) In addition, the parties state that they are unable to locate Plaintiff to execute a proper settlement agreement. (Id.) Based on these issues, the parties once again request that the Court approve the settlement agreement that the Court previously determined to be inappropriate. (Id. at 2.)

Of course, the Court is unable to grant the parties request. The Court will not rehash its previous explanation concerning the parties' inability to settle FLSA claims as part of a broad release of any and all claims Plaintiff has or may have against Defendant. Suffice it to say, once again, that this is exactly what is prohibited by Lynn's Food Stores. Counsel may be disappointed to learn that, in this instance, their views on the relative merits of Plaintiff's FLSA claim have no bearing on the Court's ability to dismiss these types of claims in the manner they request. Unsurprisingly, this Court is not free to simply

ignore the law because Plaintiff has apparently abandoned his attorney and possibly this case.

The Court will give the parties one last attempt to correctly settle Plaintiff's FLSA claims. Accordingly, the parties shall have **thirty days** from the date of this order to submit a revised settlement agreement for the Court's review. The parties are **WARNED** that their failure to file timely a revised settlement agreement may result in the dismissal of this case.

SO ORDERED this 15th day of January 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA